FRANCIS LEWIS AND ELIZABETH LEWIS, HIS WIFE, v. PENNSYLVANIA RAILROAD COMPANY ET AL.

Submitted December 6, 1907—Decided February 24, 1908.

Damages recoverable by a property owner by reason of the unlawful change of the grade of a street are confined to such as accrue to such property owner for the injury to the enjoyment of the property down to the commencement of the suit.

On rule to show cause.

Before Justices VOORHEES and MINTURN.

For the plaintiffs, *George T. Parrot* and *Peter H. Gilhooly.*

For the defendants, *Alan H. Strong.*

The opinion of the court was delivered by

VOORHEES, J. In 1895 the defendants depressed the grade of Mary street in the city of Elizabeth. The plaintiff was at that time the owner of a lot of land on which was erected a dwelling. The depression complained of was made in front of these premises, and was incident to the elevation of the tracks of the defendant companies through said city and across said street.

By reason of the fact that no ordinance was passed by the municipal authorities authorizing the change of grade, the act of the defendants was unlawful. *Clark* v. *Elizabeth,* 32 *Vroom* 565.

The action is in form trespass *quare clausum fregit.* A verdict was rendered for the plaintiff for $901.04. The only question raised by the defendant is as to the measure of damages adopted by the trial court.

Under objection the court permitted the defendant to offer testimony tending to show the depreciation in value of the premises by reason of the unlawful act of the defendants. In the charge the court instructed the jury that "the only true measure of damages is the diminution in the market value of the lot," and instructed the jury further that they might find "such sum as you think would fairly compensate them for the damages that they suffered in the diminution of the value of their property." Since the change of grade was an illegal act, it will not be assumed that the unlawful condition is a legal and permanent one by allowing a recovery once for all for the diminution in value of the premises.

Damages recoverable by a property owner by reason of the unlawful change of grade of a street are confined to such as accrue to such property owner for the injury to his enjoyment of the property down to the commencement of the suit. *Hatfield* v. *Central Railroad Co.,* 4 *Vroom* 251; *Collins* v. *Langan,* 29 *Id.* 6; *Ackerman* v. *Nutley,* 41 *Id.* 438.

It was in proof that the plaintiff had lost certain rents and had expended certain amounts in moving the house, and for work done and material used in fitting it up after its removal, in all amounting to $346, which sum, with interest, is properly recoverable.

If the plaintiff will remit the sum of $433.24 and accept the sum of $467.80, the rule will be discharged, otherwise will be made absolute.